UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WYNN LAS VEGAS, LLC,<br><br>             Plaintiff,<br><br>    vs.<br><br>CIGAR ROW, LLC,<br><br>             Defendant. | 2:15-cv-01079-RJC-CWH<br><br>**ORDER** |

This case arises from an alleged breach of contract between a vendor and vendee. Pending before the Court are Defendant's Motion for Leave to Amend Answer and Assert Counterclaim, (ECF No. 31), and Plaintiff's Motion for Sanctions, (ECF No. 35). For the reasons given herein, the Courts grants the Motion for Leave and denies the Motion for Sanctions.

**I.     FACTS AND PROCEDURAL HISTORY**

Cigar Row, LLC ("Cigar Row") is a South Carolina company that wholesales cigars and cigar-related products to businesses that then sell those products to consumers. In late 2011, Cigar Row solicited Wynn to wholesale cigars and related products for Wynn's properties in Las Vegas. (Brown Dep. 20:2–23, ECF No. 22 at 29.) Wynn requires prospective vendors to register online to provide certain information and guarantees. (*Id.* at 28:8–19, ECF No. 22 at 33; Registration Portal, ECF No. 22 at 105.) Vendors that register online agree to follow the terms

and instructions of the Wynn Las Vegas Retail Vendor Compliance Guide ("Compliance Guide"). (Registration Portal, ECF No. 22 at 105.) Cigar Row registered online with Wynn, indicating it was licensed to operate only in South Carolina. (Registration, ECF No. 24 at 16.) Cigar Row sold cigars to Wynn from 2012 to 2014.

The Compliance Guide contains several provisions that require vendors to comply with applicable federal, state, and local laws and regulations. For example, it requires vendors to obtain licenses necessary for conducting business in the State of Nevada. (Compliance Guide 8, 22–23, ECF No. 22 at 110, 124–25.) It also requires vendors to inform Wynn if at any time they are not in compliance with the terms of the Compliance Guide. (*Id.* at 23.) Nevada law prohibits wholesale dealers of "other tobacco products" ("OTP") from engaging in business in Nevada without obtaining a license as a wholesale dealer, *see* NRS 370.445, and it requires wholesale dealers to collect and pay a thirty percent tax on OTP purchased in the state, *see* NRS 370.450.

Wynn filed this action alleging Cigar Row breached its contract with Wynn by failing to obtain a license to operate in Nevada and failing to pay $136,008.99 in OTP taxes, which Wynn was required to pay to the state. (Lawrence Decl. ¶ 4, ECF No. 22 at 184; Check, ECF No. 22 at 186.) Wynn also alleged that Cigar Row made various misrepresentations about the taxes and failed to inform Wynn that it was not licensed in Nevada and was not paying OTP taxes. On November 28, 2016, the Court granted summary judgment in Wynn's favor on the breach of contract claim, and denied summary judgment on all others. (Order, ECF No. 37.)

During the summary judgment motion hearing, the Court stated its intention to grant summary judgment for Wynn on breach of contract, but expressed reservation with respect to damages. Under NRS 370.450(3), OTP taxes "must be collected and paid by the wholesale dealer . . . ." Therefore, Cigar Row had an obligation to collect OTP taxes from Wynn, meaning Wynn would likely have ended up paying the disputed taxes anyway. Notwithstanding the

question of damages, however, the Court entered its order granting summary judgment for breach of contract in favor of Wynn, without prejudice to Cigar Row's right to assert a claim, in this action or another, for the collection of the OTP taxes. Cigar Row now asks the Court for leave to amend its Answer and assert that counterclaim. In response, Wynn requests sanctions against Cigar Row on the basis that its motion for leave to amend constitutes a violation of the scheduling order in this case.

## II.     LEGAL STANDARDS

Once a district court has entered a pretrial scheduling order under Rule 16 of the Federal Rules of Civil Procedure, the standards of Rule 16 control any request to amend the complaint. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–608 (9th Cir. 1992). A motion to amend filed after the deadline indicated in the pretrial scheduling order for such motions may be treated as a de facto motion to amend the scheduling order, and granted upon a showing of "good cause" under Rule 16(b). *Id.* at 609.

In determining whether a party has demonstrated "good cause," the court "primarily considers the diligence of the party seeking the amendment." *Id.* Thus, a district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (citing Fed. R. Civ. P. 16 advisory committee's notes). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (citation omitted).

## III.    ANALYSIS

Cigar Row's motion focuses on the amendment standard of Rule 15. However, "[u]nlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause'

standard primarily considers the diligence of the party seeking the amendment." *Id.* Here, the magistrate judge entered a scheduling order on August 6, 2015, setting a deadline to amend pleadings no later than September 8, 2015. (ECF No. 10 at 2.) Therefore, Rule 16 provides the proper standard, and Cigar Row's reliance on Rule 15 is misplaced.

Nonetheless, good cause exists to permit Cigar Row's proposed amendment. Cigar Row's delay in asserting its counterclaim was not due to a lack of diligence. Cigar Row has previously argued that the burden to pay OTP taxes was Wynn's, that Cigar Row's obligation was only to collect the taxes from Wynn and remit them to the State of Nevada, and that Wynn would thus receive an inequitable windfall were it to get back from Cigar Row the approximately $136,000 it paid to the State in OTP taxes. (Resp. to Mot. Summ. J. 11–12, ECF No. 24.) Thus, Cigar Row is not now advancing a new defensive theory. Moreover, Cigar Row did not know of the necessity of its counterclaim until the October 6, 2016 hearing on Wynn's summary judgment motion, during which the Court expressed its preference to grant summary judgment in Wynn's favor on the breach of contract claim and then deal with the damages issue vis-à-vis the collection of OTP taxes by way of a counterclaim by Cigar Row. (*See* Hr'g Tr. 9:4–23, ECF No. 33.) Thus, Cigar Row obtained new information at the motion hearing which provides good cause for the amendment. *Cf. Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (affirming denial of motion for leave to amend partly because the amendment did not rely on any information that was previously unavailable to the movant).

The Court entered its summary judgment order on November 28, 2016, granting summary judgment in favor of Wynn on its breach of contract claim. (*See* Order, ECF No. 37.) As noted in the order, the effect of the summary judgment is to award Wynn damages in the amount of OTP taxes paid to the State. However, the order also notes that Cigar Row had a right to collect OTP taxes from Wynn, and thus the ultimate just result may be that Cigar Row owes

Wynn nothing, or at least less than the full amount claimed by Wynn. Accordingly, the Court finds that to deny Cigar Row leave to amend its answer would be patently unfair. Justice requires that the amendment be permitted, so the Court may give full and fair consideration to what Cigar Row actually owes Wynn, if anything, given the parties' contractual and statutory obligations in this case. The counterclaim Cigar Row seeks to assert is compulsory in nature and thus denial of the instant motion would forever bar its assertion. Moreover, the addition of the counterclaim at this time should not necessitate extensive additional discovery, and does not interject new issues into the case. *See, e.g.*, *Hunt Energy Corp. v. Crosby-Mississippi Res., Ltd.*, 732 F. Supp. 1378, 1389–90 (S.D. Miss. 1989), *aff'd sub nom. Hunt Energy Corp. v. Crosby-Mississippi Res.*, 979 F.2d 1533 (5th Cir. 1992).

Therefore, the Court grants Cigar Row's motion for leave to file an amended answer and counterclaim. Accordingly, the Court also denies Wynn's motion for sanctions.

## CONCLUSION

IT IS HEREBY ORDERED that Cigar Row's Motion for Leave to Amend (ECF No. 31) is GRANTED. The Clerk of the Court is directed to file Cigar Row's amended answer and counterclaim, attached to Cigar Row's motion, on the docket.

IT IS FURTHER ORDERED that Wynn's Countermotion for Sanctions (ECF Nos. 34, 35) is DENIED.

IT IS FURTHER ORDERED that the parties shall file, within thirty days of the entry of this order, a joint amended scheduling order for the magistrate judge's consideration.

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States District Judge

Dated: January 4, 2017.