**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WYNN LAS VEGAS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> CIGAR ROW, LLC, <br><br> Defendant. | 2:15-cv-01079-RJC-CWH <br><br> **ORDER** |

This case arises from an alleged breach of contract between a wholesale vendor of tobacco products and its vendee. Now pending before the Court are Wynn's Motion to Reopen the Case under Rule 60, (ECF No. 58), and Motion for Attorneys' Fees and Costs, (ECF No. 60).

## I. FACTS AND PROCEDURAL HISTORY

Wynn filed this action alleging Cigar Row breached its contract with Wynn by failing to obtain a license to operate in Nevada and failing to collect and remit $136,008.99 in "other tobacco products" ("OTP") taxes. As a result of Cigar Row's breach, Wynn was ultimately forced to pay the OTP taxes to the State. (*See* July 10, 2014 Email from Michael P. Kelly, ECF No. 22 at 175–76; Lawrence Decl. ¶ 4, ECF No. 22 at 184; Check, ECF No. 22 at 186.) On November 28, 2016, the Court granted summary judgment in Wynn's favor on the breach of contract claim, the effect of which was to award Wynn damages in the amount of the OTP tax assessment. (Order, ECF No. 37.) On January 4, 2017, the Court permitted Cigar Row to file an

amended counterclaim, on the basis that under N.R.S. 370.450(3), OTP taxes "must be collected and paid by the wholesale dealer . . . ." Therefore, Cigar Row had an obligation to collect OTP taxes *from Wynn*, and under the standard contractual relationship Wynn would have had to pay the disputed taxes anyway. Accordingly, the Court observed that "the ultimate just result may be that Cigar Row owes Wynn nothing, or at least less than the full amount claimed by Wynn." (Order 4–5, ECF No. 41.)

Cigar Row's amended counterclaim was thus filed, alleging one cause of action for collection of OTP tax pursuant to N.R.S. 370.450. (Am. Countercl., ECF No. 42.) Wynn then moved to dismiss the counterclaim under Rule 12(b)(6). (Mot. Dismiss, ECF No. 43.) On April 13, 2017, the Court granted the motion to dismiss, entered judgment in favor of Wynn, and closed the case. (Order, ECF No. 56.) Wynn now moves to reopen the case in order to proceed with its claims of negligent and intentional misrepresentation, which it argues were not disposed of by any of the Court's orders. (Mot. Relief J., ECF No. 58.) Wynn also moves for attorneys' fees and costs based on its contract with Cigar Row. (Mot. Att'y Fees, No. 60.) Cigar Row has not opposed either motion.

## II.    MOTION FOR RELIEF FROM JUDGMENT (ECF NO. 58)

### a.  Legal Standards

Federal Rule of Civil Procedure 60(a) provides that a court may correct any "mistake arising from oversight or omission whenever one is found in a judgment." In addition, Rule 60(b) provides, in pertinent part, that a court may relieve a party from a final judgment or order for various reasons, including: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief."

/ / /

/ / /

### b. Analysis

Wynn argues that the Court should not have closed the case because its claims for negligent and intentional misrepresentation were never adjudicated. Wynn asserts that after the Court granted summary judgment as to breach of contract and denied it as to all other claims, the claims of negligent and intentional misrepresentation remained viable. However, at the beginning of oral argument on Wynn's summary judgment motion on October 6, 2016, the Court voiced its initial inclination to grant summary judgment for Wynn on the breach of contract claim only, and dismiss the remaining claims as moot. After hearing argument from both parties, the Court determined to enter the judgment it had anticipated, i.e., grant the motion with respect to breach of contract and dismiss the other claims.

The dismissal of Wynn's remaining claims was not explicit in the written order that subsequently issued. Therefore, the Court now clarifies its intent to grant summary judgment for Wynn on breach of contract and dismiss Wynn's remaining claims as moot. Accordingly, the motion for relief from the judgment is denied.

## III. MOTION FOR ATTORNEYS' FEES AND COSTS (ECF NO. 60)

### a. Legal Standards

A federal court "applies state law in a diversity action to determine whether an award of attorneys' fees is allowed." *Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 847 (9th Cir. 2009). Nevada follows the American Rule, under which litigants ordinarily are required to bear the expenses of their litigation unless a statute, rule, or private agreement provides otherwise. *Thomas v. City of N. Las Vegas*, 127 P.3d 1057, 1063 (Nev. 2006); *see also Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 579 (9th Cir. 2010). Once a party establishes its entitlement to an award of attorneys' fees, the Court must determine the reasonableness of such an award.

*See GCM Air Group, LLC v. Chevron U.S.A, Inc.*, No. 3:07–cv–00168, 2009 WL 1810743, at *4 (D.Nev. June 24, 2009) (Sandoval, J.).

### b. Analysis

Wynn's Retail Vendor Compliance Guide provides:

> **ATTORNEY'S FEES.** Should Wynn Las Vegas utilize the services of an attorney to enforce or defend any term or condition herein, Wynn Las Vegas shall be entitled to an award of reasonable attorney's fees and costs expended throughout the pendency of the demand, claim and/or litigation.

(Compliance Guide 21, ECF No. 60 at 40.) In its summary judgment order, the Court found that Cigar Row breached material terms of the Compliance Guide by failing to obtain a license to operate in Nevada and failing to pay $136,008.99 in OTP taxes, which Wynn was required to pay to the State. (Order, ECF No. 37.) Under these circumstances, it is clear that Wynn is contractually entitled to recover its reasonable attorneys' fees and costs.

After a thorough review of the motion and supporting documents, including the declaration of Wynn's attorney and the relevant billing invoices, the Court finds Wynn's request for attorneys' fees and costs to be reasonable. The Court agrees that the case "presented fairly straightforward claims," but that "pursuing claims with Nevada's OTP scheme underlying them is novel and required additional detail, research and preparation." (Mot. Att'y Fees 7, ECF No. 60.) It is therefore reasonable that additional time was spent researching and discussing certain issues, and that Wynn saw fit to enlist the assistance of an expert in the area of Nevada taxation. The rates of Wynn's attorneys and their staff, which reflect discounts based on a longstanding professional relationship with Wynn, are also reasonable. (Kircher Decl. ¶ 8, ECF No. 60 at 15.) Moreover, Cigar Row has not opposed Wynn's motion, and thus has not objected to the amounts claimed by Wynn. *See* D. Nev. Local. R. 54-14(e) ("If no opposition is filed [to a motion for attorneys' fees], the court may grant the motion after independent review of the record.").

However, the Court will not award fees for the 28.5 hours of work performed in March and April 2017. Wynn's proffered billing statements do not include any work done after February 2017. Notwithstanding, Wynn asserts that it "actually incurred additional attorneys' fees for March and April 2017 totaling $5,438.50 for unbilled time totaling 28.5 hours." (Kircher Decl. ¶ 10, ECF No. 60 at 16.) Under LR 54-14, a motion for attorneys' fees must include "a reasonable itemization and description of the work performed." D. Nev. Local. R. 54-14(b)(1). Although Wynn claims to have done 28.5 hours of work in March and April 2017, nowhere in its motion documents does it venture to describe the work performed during this time period. "Failure to provide the information required by subsections (b) and (c) in a motion for attorney's fees may be deemed a consent to the denial of the motion." D. Nev. Local. R. 54-14(d).

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Relief from Judgment (ECF No. 58) is DENIED.

IT IS FURTHER ORDERED that the Motion for Attorneys' Fees (ECF No. 60) is GRANTED IN PART. The Court awards attorneys' fees to Wynn in the amount of $69,153.00, and costs in the amount of $11,359.49.

IT IS FURTHER ORDERED that Wynn's Bill of Costs (ECF No. 59) is DISMISSED AS MOOT.

IT IS SO ORDERED. June 14, 2017

_____
ROBERT C. JONES
United States District Judge